Taylor, Chief Justice,
 

 delivered the opinion of the Court
 

 The trusts declared in the deed to the plaintiff are, that he shall pay all the creditors of
 
 Redjield
 
 and
 
 Whiting
 
 who shall sign the deed by the first of August 1817; and there are certain covenants in the deed binding those creditors to divers acts, as soon as they have executed the same. Admitting that a trust may be created for the benefit of creditors, by a deed, of the existence of which they are ignorant, and that their assent to it may be presumed, yet this case is subject to a very different construction;
 
 *580
 
 for the trust is created expressly on the condition that they shall execute the deed by a certain day, and then certain obligations are imposed upon them; which surely they never can incur, without a performance of the condition. Now it does not judicially appear that the creditors ever executed the deed, and of course
 
 William Moore
 
 did not become a trustee for them. There are signatures and seals to the deed, but whose they are we have, no means of ascertaining.
 

 It results from this view of the case, that the trust, if it ever arose, existed only for the benefit of the bargain-ors, and that the property in the hands of the trustee was liable to their creditors, as they could entitle themselves by legal process; it being such property as is made liable to execution by the act of 1812,
 
 eh.
 
 830.
 
 There must
 
 be a new trial.
 

 Judgment reversed.